UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HERBERT E. ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-01193-JMS-CSW |
| | ) |
| DENNIS REAGLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING NURSE AGBOOLA'S MOTION FOR SUMMARY JUDGMENT**

Herbert Robertson alleges in this lawsuit that, when he was incarcerated by the Indiana Department of Correction ("IDOC") at Pendleton Correctional Facility ("PCF"), the defendants were deliberately indifferent to his back and knee pain in violation of his Eighth Amendment rights. Defendant Sheriff Agboola, R.N. seeks summary judgment on Mr. Robertson's claims against him. For the reasons that follow, the motion for summary judgment is **GRANTED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need

not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Nurse Agboola moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Robertson and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

Sheriff Agboola was a licensed physician practicing internal medicine and ophthalmology in Nigeria, where he was born and raised. Dkt. 148-2 ¶ 2 (Agboola Aff.). He became a registered nurse upon moving to the United States. At PCF, nurses are provided medications by the prison pharmacy to pass to inmates. *Id.* They can only dispense prescription medications that have been both: prescribed by a physician or nurse practitioner; and provided to them by the pharmacy. *Id.*

Mr. Robertson alleges that Nurse Practitioner Elizabeth Hale prescribed him Meloxicam[1] 7.5 for his back and leg pain on October 19, 2021, and that he should have started receiving the

---

[1] Meloxicam is also known as Mobic. *See* Drugs.com, *Mobic*, https://www.drugs.com/mobic.html (last visited Aug. 27, 2024).

medication within 3 to 5 days. Dkt. 15 ¶ 68, 71-71 (Amended Complaint). He further alleges that from October 24, 2021, to December 24, 2021, he asked several nurses, including Nurse Agboola, to intervene concerning not receiving the pain medication. *Id.* ¶ 78.

Medications are passed by nurses to inmates at PCF in the morning and in the evening. Dkt. 148-2 ¶ 5. A record of the medications that are passed, and the name of the nurse who passes the medications, are documented in the Medication Administration Record. *Id.* Mr. Robertson contends that he asked Nurse Agboola every time he saw him to help him get his medication and that Nurse Agboola told him he would contact the provider. Dkt. 190-1 at 8-9 (Robertson Aff.). From October through December 2021 (the time Mr. Robertson claims he should have received Meloxicam), the Medication Administration Record reflects that there were at least 16 different nurses, including Nurse Agboola, who were responsible for passing medications to inmates at Pendleton Correctional Facility. Dkt. 148-2 ¶ 6. The Medication Administration Record reflects that Nurse Agboola dispensed medication to Mr. Robertson only a few times[2] during the time at issue, between October 19 and December 24, 2021. *See* dkt. 148-2 ¶ 7 (Nurse Agboola's affidavit stating that he was assigned to dispense medication only twice during this time); *cf.* dkt. 190-1 at 5-6 (Medication Administration Records bearing apparently Nurse Agboola's initial on November 6, 16, 30, and December 18).[3] But Nurse Agboola does not remember Mr. Robertson asking him to intervene in providing him Meloxicam. Dkt. 148-2 ¶ 9.

---

[2] At his deposition, Mr. Robertson testified that he was unable to say how often, or on what days, he encountered or spoke with Nurse Agboola between October 24 and December 24, 2021, and that he would defer to the Medication Administration Record log for the dates that Nurse Agboola passed medications. Dkt. 157-3 at 29 (Robertson Dep. at 110-11) ("Q. So I take it you would defer to whatever this log sheet shows in terms of the times that Mr. Agboola would have been passing medication during that time period? A. Correct.").

[3] Nurse Agboola does not concede that he passed medication to Mr. Robertson more than twice, explaining that he is best suited to identify his initials on the Medication Administration Record, but argues for purposes of summary judgment that whether he passed medication to Mr. Robertson twice or slightly more times during the relevant time is immaterial to the motion for summary judgment. Dkt. 195 at 2 n.1.

3

Nurse Agboola testifies that if Mr. Robertson had told him that he was prescribed Meloxicam and was not receiving it, Nurse Agboola would have asked him to complete a Healthcare Request Form ("HCRF"). Dkt. 148-2 ¶ 9. For documentation purposes, and to ensure that all patient requests for healthcare are addressed, Nurse Agboola has been instructed to ask inmates to complete an HCRF for all non-emergent requests for healthcare. *Id.* Mr. Robertson understands this process and has submitted dozens of HCRFs during his time at PCF. *Id.* Nurse Agboola delivers all completed HCRFs provided to him by inmates to the healthcare staff responsible for receiving those forms. *Id.* For example, on October 26, 2021, Mr. Robertson submitted an HCRF which states in part "Asked Nurse to Intervene Agboola." *Id.* ¶ 8; dkt. 148-2 at 11 (HCRF). The HCRF was submitted to the healthcare office and acted upon by another nurse. Dkt. 148-2 at 11.

### III.
### Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

4

The Court assumes for purposes of the summary judgment motion that Mr. Robertson's pain was objectively serious. To avoid summary judgment, then, the record must allow a reasonable jury to conclude that Nurse Agboola acted with deliberate indifference—that is, that he "consciously disregarded a serious risk to [Mr. Robertson]'s health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up). Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Rather, Mr. Robertson "must provide evidence that [Nurse Agboola] actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

Nurse Agboola interacted with Mr. Robertson only a few times during the months at issue. Dkt. 148-2 ¶ 7; dkt. 190-1 at 5-6. Mr. Robertson contends that he told Nurse Agboola he was not receiving his pain medication, that he asked Nurse Agboola to intervene, and that Nurse Agboola told him he would do so. Dkt. 190-1 at 8. Mr. Robertson contends that Nurse Agboola should have personally intervened when he complained to him about his lack of pain medication. But it is undisputed that Nurse Agboola can only dispense medications that are prescribed by a doctor and provided to him by the pharmacy. Dkt. 148-2 ¶ 4. It is also undisputed that, between October and December 24, 2021, no Meloxicam was provided for Mr. Robertson and therefore there was none to dispense. Further, when an inmate complains to Nurse Agboola regarding his medical care, Nurse Agboola explains that he would direct that inmate to file an HCRF, a practice that Mr. Robertson would routinely follow. *See* dkt. 148-2 ¶ 9. Because Nurse Agboola could not prescribe medication or dispense medication that was unavailable, passing along an HCRF was the main action he could take in response to a prisoner's complaint. While Nurse Agboola did not immediately or personally intervene when Mr. Robertson complained of his lack of pain medication, there is no evidence that Nurse Agboola failed to pass along any HCRFs that Mr.

5

Robertson submitted or otherwise should have been aware that Mr. Robertson was not receiving necessary treatment from the doctor or nurse practitioner. Mr. Robertson argues that Nurse Agboola's failure to personally intervene violated IDOC policy, but a violation of policy does not amount to deliberate indifference. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of departmental regulation and practices.") (cleaned up). No reasonable jury could conclude that Nurse Agboola's practice of directing inmates to submit HCRFs for non-emergent needs amounted to a conscious disregard to Mr. Robertson's health. Nurse Agboola is therefore entitled to summary judgment.[4]

## IV.
## Conclusion

Nurse Agboola's motion for summary judgment, dkt. [148], is **GRANTED**. The **clerk shall terminate** Nurse Agboola as a defendant. No partial final judgment shall issue.

IT IS SO ORDERED.

Date: 8/29/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[4] Nurse Agboola also argues that he is entitled to qualified immunity. It is unclear whether providers hired by a prison to provide care to inmates can raise the qualified immunity defense. *See Currie v. Chhabra*, 728 F.3d 626, 632 (7th Cir. 2013) (noting that court was inclined to hold that medical personnel employed by a private company and contracted to provide medical care to inmates are categorically barred from asserting qualified immunity but declining to definitively decide the issue). Nonetheless, because the Court has determined that Nurse Agboola did not violate Mr. Robertson's Eighth Amendment rights, it need not address the question of whether he is entitled to qualified immunity. *See Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013) ("To overcome the defendant's invocation of qualified immunity, [a plaintiff] must show both (1) that the facts make out a constitutional violation, and (2) that the constitutional right was 'clearly established' at the time of the official's alleged misconduct.").

Distribution:

Counsel of record via ECF

HERBERT E. ROBERTSON
885415
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only
All Electronically Registered Counsel